UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Paul Abdul Williams**, #2007010251, | C/A No. 6:07-3986-HFF-WMC |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Judge Maddox, Spartanburg County; Derrick Bulsa, Solicitor Spartanburg County; and South Carolina Department of Corrections, | |
| Defendants. | |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently incarcerated at the Spartanburg County Detention Center, where, according to the Complaint filed in this case, Plaintiff has been housed since Plaintiff's May 2007 sentencing in a Spartanburg County criminal case. According to Plaintiff, he was sentenced to a youthful-offender sentence of ninety days in a boot camp program, to be followed by a period of probation. However, Plaintiff claims that the South Carolina Department of Corrections (SCDC) refused to accept him into the boot camp program and sent him back to Spartanburg County due to incorrect paperwork about his sentence prepared by the Spartanburg County judge and/or the Solicitor. He claims that he and others have made numerous efforts to get the judge and/or Solicitor to correct the paperwork so that Plaintiff can go to the boot camp program, but that nothing is being done.

Plaintiff claims "unlawful imprisonment" at the detention center. He asks this Court to order Defendants to pay for a lawyer to handle his case, to pay filing fees, and to get someone to go

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

talk to him about his case. He also asks for compensation and "punitive damage" apparently for the time he has spent in the detention center since his sentencing.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

To the extent that his Complaint is liberally construed as seeking damages and injunctive relief for alleged federal constitutional violations (4th, 8th, 14th amendments might be implicated

under an "unlawful imprisonment" claim) under 42 U. S. C. § 1983,[2] Plaintiff fails to state a viable claim against any Defendant. To assert a claim under § 1983, the plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States); *Kendall v. City of Chesapeake*, 174 F.3d 437 (4th Cir. 1999) (same). In the present case, Plaintiff has not alleged the violation of any constitutional right, privilege or immunity, and, accordingly, his Complaint is subject to summary dismissal.

Since he has already been convicted of a state crime and sentenced therefor, Plaintiff is now considered a "state prisoner" despite the fact that he is still being housed in the local detention center. Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). SCDC and its employees have the power to manage and regulate all persons convicted of offenses against the state of South Carolina, and once a person is convicted of a state crime and is sentenced to term to be served in state prison, it is up to SCDC to determine that person's place of confinement and under what circumstances that person shall be confined. Except in very rare circumstances not present in this case, federal courts to not become involved in SCDC's prisoner-placement decisions. *See O'Bar v. Pinion*, 953 F.2d 74, 83 (4th Cir. 1991). This is true because, it is well established that a prisoner generally has no constitutionally protected liberty interest in being confined in a particular prison. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see also Olim v.*

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons such as judges, prosecutors, and other officials/employees acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3

*Wakinekona*, 461 U.S. 238, 244-48 (1983); *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988), *aff'd*, 887 F.2d 1080 (4th Cir. 1989) (collecting cases); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991)(non-consensual transfer of a prisoner from one institution to another is not a *per se* violation of either due process or equal protection rights). Accordingly, in absence of allegations showing that some established federal right is being violated by Plaintiff's current placement at the detention center to serve his sentence, the Complaint filed in this case should be summarily dismissed without service on Defendants.

Furthermore, to the extent that Plaintiff seeks damages from Judge Maddox based on the judge's preparation of Plaintiff's sentencing paperwork, his suit is barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia

magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").  Clearly, the preparation of the sentencing paperwork was done by Judge Maddox in performance of his judicial duties. That activity obviously falls within the protection of the doctrine of judicial immunity.

Also, to the extent that Plaintiff seeks damages for alleged "unlawful imprisonment" from the Spartanburg County Solicitor, his Complaint is barred by the well-established legal doctrine of prosecutorial immunity.  In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors.  *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310.  Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings.  Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings.  *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).

Plaintiff's claims about the length of time it is taking for him to be transferred to SCDC custody, which he appears to attribute, in part, to the failure of Defendant Bulsa to force Judge Maddox to change the sentencing paperwork, go directly to Bulsa's clearly prosecutorial decisions about how to prosecute a criminal action and how to present said case to a judge.  Such decisions

are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. S*ee Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996).

Finally, Defendant SCDC is also immune from Plaintiff's damage claims in this case because the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. SCDC, as a South Carolina state agency, is an integral part of the state and, thus, entitled to Eleventh Amendment immunity in this case. As a result, to the extent that Plaintiff sues SCDC, this case is subject to partial summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.,* 527 U.S. 666 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996);(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984), a state must expressly consent to suit in a federal district court. The state of South Carolina has not consented to suit in a federal court. Under section 15-78-20(e), South Carolina Code of Laws (Cum. Supp. 1993)(part of the South Carolina Tort Claims Act ), the state of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the state of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does

not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). Plaintiff's failure to state a viable claim against SCDC or against either of the other two defendants requires summary dismissal of this case.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe  
United States Magistrate Judge

December 18, 2007  
Greenville, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).